```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RAVANNA STEPHENS BEY, | |
| Petitioner, | Civil Action No. 08-3016 (JBS) |
| v. | |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY , | **MEMORANDUM OPINION** |
| Respondent. | |

**SIMANDLE, District Judge:**

1. On December 12, 2007, Petitioner RAVANNA STEPHENS BEY (hereinafter "Petitioner"), currently confined at Camden County Correctional Facility, Camden, New Jersey, filed his petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"), together with an application to proceed in this matter in forma pauperis. See Docket Entry No. 1.  In his Petition, Petitioner states: (a) habeas-like challenges to his indictment in a criminal matter currently pending before the state court; and (b) numerous civil rights challenges.  See id. at 1-2.

2. Jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3).  See Braden v. 30<th> Judicial Circuit Court of Kentucky, 410 U.S. 484

(1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975).  To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: (a) the status requirement that the person be "in custody," and (b) the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

3. Although Petitioner may be sufficiently "in custody" at this time to attack the New Jersey charges against him, it is clear that habeas relief is not warranted.  In other words, while Petitioner may meet the status requirement, he cannot sustain the substance requirement that would entitle him to habeas relief under § 2241(c)(3).

   (a) Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism."  Moore v. DeYoung, 515 F.2d at 442.  Nevertheless, while this Court has jurisdiction under § 2241 to entertain Petitioner's pretrial habeas petition, relief is not warranted where

>  "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to state criminal charges prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (quoting Ex Parte Royall, 117 U.S. 241, 253 (1886)).

(b) In Moore v. DeYoung, a New Jersey pretrial detainee filed a habeas petition in this federal district court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against New Jersey criminal proceedings, similar to Petitioner's Petition in the instant case.[1] The district court granted pretrial habeas relief, however, the United States Court of Appeals for the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the New Jersey courts, and the alleged denial of a speedy trial is not an extraordinary circumstance warranting pretrial habeas relief. See Moore, 515 F.2d at 447. As to exhaustion, the Court of Appeals found that:

---

[1] The Court notes, in passing, that the petitioner in Moore was in detention for the period of six years, while Petitioner in the instant case has, allegedly, been in detention for two and a half months by the time he submitted his Petition.

> [Petitioner] did not exhaust his state court remedies prior to application for federal habeas corpus relief. This issue is still available to [Petitioner] as an affirmative defense at trial and thereafter, on appellate review.

Id. at 445.

The Court of Appeals expressly rejected the petitioner's argument that the constitutional right to a speedy trial is an extraordinary circumstance which bars not only a conviction for the underlying offense but a trial for that offense, finding that

> From the premise that he has a right not to stand trial, [Petitioner] proceeds to the conclusion that, to avoid the threatening state trial, there must be some pre-trial forum (if not a state forum, then a federal forum) to test the merits of his constitutional claim.  Otherwise, he argues, he would be required to undergo the rigors of trial to vindicate his claim that the state court can no longer bring him to trial. [Federal courts] are not prepared to hold that either the chronology of events leading to this prosecution or the alleged denial of [Petitioner]'s right to a speedy trial, constitutes such "extraordinary circumstances" as to require federal intervention prior to exhaustion of state court remedies. [Federal courts] perceive nothing in the nature of the speedy trial right to qualify it as a per se "extraordinary circumstance."  [Federal courts] know of no authority, either pre- or post-Braden, supra, that excepts or singles out the constitutional issue of speedy trial as an extraordinary circumstance sufficient to dispense with the exhaustion requirement. To the contrary, the cases in which the speedy trial claim has been raised in a pre-trial habeas context have granted the

4

>> writ only after exhaustion on the merits in the state courts.

> Id. at 446.
>
> The Court of Appeals accordingly reversed the order granting pretrial relief to the petitioner in Moore. "[Petitioner] having failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting [Petitioner]'s petition." Id. at 447.
>
> (c) Here, in his habeas-like allegations, Petitioner argues that the State of New Jersey has violated his rights by:
>
>> (i) ignoring the fact that "Petitioner was a 'Moor national' and fail[ing[] to inform Petitioner of his right to contact the Moorish Consulate located in N.Y. pertaining to International Affairs" and preventing Petitioner from "mak[ing] a phone call." Docket Entry No. 1, at 2.
>>
>> (ii) "indict[ing Petitioner] under # 08-05-1685 without a victim or evidence of a crime being committed."[2]

---

[2] The Court is also not entirely clear as to the events underlying Petitioner's alleged arrest and indictment, since, according to the statements made in the petition examined by Judge Kugler in Civil Action No. 07-5859 (RBK), Petitioner was

This Court need not determine whether the State of New Jersey violated Petitioner's rights because Petitioner has not exhausted any of his claims before the New Jersey courts.  While he may have attempted to file motions or other petitions in his state criminal trial proceeding, he has not exhausted the merits of his claims before his trial court, or the New Jersey Appellate Division or the New Jersey Supreme Court.  As the Court of Appeals explained in Moore,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484 U.S. 956 (1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th Cir.), cert.

---

undergoing criminal prosecution and was in confinement during the time when the arrest described in the instant Petition took place.  See Bey v. Camden County Corr. Facility, 2007 U.S. Dist. LEXIS 94048 (D.N.J. Dec. 20, 2007).

6

       denied, 452 U.S. 964 (1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).  Therefore, because Petitioner has failed to exhaust his speedy trial and due process claims before the New Jersey state courts, habeas relief is not warranted under § 2241 on these grounds, and the Petition will be dismissed without prejudice to Petitioner's filing of a § 2254 petition in the event Petitioner is convicted and is dissatisfied with the results of his exhaustion of state remedies.[3]

4.    The accompanying Order will be entered dismissing Petitioner's Petition without prejudice.


**June 20, 2008**                    **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                     U.S. District Judge

---

[3] Likewise, Petitioner's civil rights claims not amenable to habeas review will be dismissed without prejudice.

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).